1807.

SANFORD
v.
SANFORD.

A recovery in this case connot be pleaded in bar of the town of Woodbridge. Their rights cannot be affected by the present case.

THE COURT reversed the judgment, on the ground, that the sufficiency of the declaration should not have been left to the jury. It was understood, that they decided against the action.

## Smith v. Huntington.

### In the Court below,

JOSEPH SMITH, *Plaintiff;* JOSHUA HUNTINGTON, *Defendant.*

In an action against the sheriff for an escape, the defendant pleaded, that the prisoner had taken the poor debtor's oath, &c. in which plea, he averred that the prisoner prayed out *a proper citation and notification* to the creditor to appear, &c. Held, on an exception to the plea for want of a more particular description, that the same was sufficient.

A citation by a poor debtor to his creditor to appear before A. B. justice of the peace, or *some other proper authority,* is legal, though not returned to A. B.

A poor debtor cannot be detained in prison, after taking the oath, unless money be left for his support.

THIS was an action against the defendant, as sheriff of the County of New-London, for the escape of one *John Fernald,* committed on an execution in favour of the plaintiff.

The defendant pleaded in bar, " That *Fernald,* being a poor " debtor, unable to support himself in prison, prayed out a " proper citation and notification to notify the plaintiff to ap- " pear before *Elisha Hyde,* Esquire, a justice of the peace for " New-London County, or some other proper authority, at " the dwelling-house of *Seth Minor* in Norwich, under- " keeper of said gaol, on the 12th day of August, 1805, at " *two o'clock* in the afternoon, to shew cause," &c. That the plaintiff being an inhabitant of the state of New-Hampshire, service of such citation was made by leaving a copy with *James Lanman,* Esquire, his attorney of record : That the same " being so served, was returned to *Asa Spalding,* Es- " quire, who then was a justice of the peace for said County:"

That justice *Spalding* attended at the time and place men-
tioned ; examined into *Fernald's* circumstances ; and being
of opinion, that he was a proper subject of the poor pri-
soner's oath, administered the same to him, about *thirty
minutes after three o'clock* : And that *Fernald* remained in
gaol until about *four o'clock* of the same afternoon, and then,
no money having been left for his support, went at large ;
which was averred to be the same escape complained of in
the declaration.

The plaintiff replied, That within two hours after the oath
was administered, and before the usual time of supper, he
left *three dollars* with the gaoler for the support of *Fernald*;
and that, when *Fernald* went at large, he had not become
chargeable for necessary food, either to himself, or to the
gaoler.

To this replication the defendant demurred ; and the Su-
perior Court adjudged the same to be insufficient.

*Ingersoll*, and *Daggett*, for the plaintiff.

1. The defendant has undertaken, in his plea, to set forth
the citation to the creditor *specially ;* it must, therefore, ap-
pear to be a legal one. But he has not shewn, that it was
signed by a justice, or other magistrate, or that it was signed
at all. The Court cannot *infer* that it had the legal re-
quisites.

2. It does not appear from the citation, that *A Spalding*,
Esquire, had any authority to administer the oath, inasmuch
as the creditor was summoned to appear before *Elisha Hyde*,
Esquire, *or some other proper authority.* The citation
ought to specify the court with precision, before which the
creditor is summoned to appear, that he may be prepared to
take any proper exceptions to the jurisdiction. The
magistrate may be *interested*, or may be *too nearly related*
to judge. This is clearly a *judicial* act.

1807.

SMITH
v.
HUNTING-
TON

3. The object of the law is to provide for the *support* of the prisoner. He could not, therefore, lawfully depart, until the regular time for the next meal after the oath was administered. He could not, before that time, need support. Besides, the creditor is to have a reasonable time to leave the money, which he had not had, in this case, before the defendant went at large. There was, then, an *escape*. These points have been settled, by the cases of *Fitch* v. *Cook*, (a) *Fitch* v. *Scott*, (b) *Abel* v. *Godfrey*, (c) and *Wells* v. *Lindsley*. (d)

*A. Spalding*, for the defendant.

1. The plea states generally, that the prisoner prayed out a *proper* citation ; and this is sufficient.

2. The practice to cite a creditor to appear before A. B. or *some other proper authority*, is, at least, twenty-seven years old ; and this exception was never taken before. There is nothing in the statute opposed to such a practice. Warrants issued for the apprehension of criminals are generally made returnable in the same manner. So are notifications to be present at the taking of depositions.

3. The statute is express, that after the oath is administered, the keeper of the gaol shall not stand charged with the prisoner unless the creditor shall allow him a weekly maintenance. (e) If the gaoler is not charged with the prisoner, what right has he to detain him ? To say he shall not *stand charged*, is the same as to say that he shall not *hold*. If you depart from the statute, what time will you fix upon ? It is said, the prisoner, in this case, ought to have staid, till supper-time. But different men have different hours of supping, and some men eat no suppers at all. The cases cited from *Root's Reports* are not law.

BY THE COURT, unanimously,

The judgment was affirmed.

(a) 1 *Root* 285.      (b) *ib* 351.      (c) *Ib.* 494.
(d) 2 *Root* 481.      (e) *Stat.* 222. *edit.* 1796.